E-FILED
Wednesday, 10 January, 2007  04:11:11 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

DATE:   January 9, 2007

TO:     John M. Waters
        United States District Court
        Central District of Illinois
        151 U.S. Courthouse
        600 E. Monroe Street
        U.S. Courthouse & Federal Building
        Springfield, IL  62701

FROM:   Clerk of the Court

RE:     06-2684
        USA v. Miller, Jeffrey A.
        01 CR 30048, Jeanne E. Scott, Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                                          **TO BE RETURNED AT LATER DATE:**

[1]    Volumes of pleadings                            [ ]
[ ]    Volumes of loose pleadings                      [ ]
[1]    Volumes of transcripts                          [ ]
[ ]    Volumes of exhibits                             [ ]
[ ]    Volumes of depositions                          [ ]
[2]    In Camera material                              [ ]
[ ]    Other_____            [ ]

       Record being retained for use                   [ ]
       in Appeal No. _____

Copies of this notice sent to:          Counsel of record
[X]    United States Marshal
[X]    United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: 1-10-07                                 M Cooke
(1071-120397)                                 Deputy Clerk, U.S. District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

Date: December 18, 2006

**BEFORE:**      Honorable WILLIAM J. BAUER, Circuit Judge

Honorable DANIEL A. MANION, Circuit Judge

Honorable ANN CLAIRE WILLIAMS, Circuit Judge

No. 06-2684

UNITED STATES OF AMERICA,
           Plaintiff - Appellee
   v.

JEFFREY A. MILLER,
           Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 01 CR 30048, Jeanne E. Scott, Judge

    This appeal is DISMISSED.  The above is in accordance with
 decision of this court entered on this date.


(1060-110393)

| UNPUBLISHED ORDER |
| --- |
| Not to be cited per Circuit Rule 53 |

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 15, 2006
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2684

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 01 CR 30048 |
| JEFFREY A. MILLER,<br>*Defendant-Appellant.* | Jeanne E. Scott,<br>Judge. |

### ORDER

In 2001 Jeffrey Miller was convicted of bank robbery. *See* 18 U.S.C. § 2113(a). The district court sentenced him to 4 years' imprisonment and 3 years' supervised release. *See id.* §§ 3583(b)(2), (d). Miller's term of supervision commenced in October 2004, and in September 2005, his probation officer petitioned for the revocation of his supervised release based on allegations that he possessed heroin on six occasions, committed another bank robbery, and failed to submit to drug testing. *See* 18 U.S.C. §§ 3583(e)(3), (g)(3)-(4). At the evidentiary hearing Miller admitted these violations and the district court revoked his supervised release. After calculating a Guidelines Policy Statement range of 15 to 21 months' imprisonment, the court imposed a term of 21 months. The court also ordered Miller to pay $3,556 in restitution to the first bank he robbed, as ordered in his original bank robbery sentence. Miller filed a notice of appeal, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern any nonfrivolous arguments to pursue. We invited

Miller to respond to counsel's brief, *see* Cir. R. 51(b), but he has not done so. Accordingly, we will consider only those potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Miller could argue that the district court abused its discretion in revoking his supervised release, *see United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994), but properly concludes that such an argument would be frivolous. Miller admitted that he possessed heroin on six occasions, and his admission is supported by urine screenings that tested positive for heroin. Thus, the court was required by statute to revoke his supervised release. *See* 18 U.S.C. § 3583(g)(4); *United States v. Trotter*, 270 F.3d 1150, 1153-54 (7th Cir. 2001); *Young*, 41 F.3d at 1187.

Counsel next considers whether Miller could challenge his term of re-imprisonment on reasonableness grounds. We would reverse the district court's sentence upon revocation of supervised release only if it is "plainly unreasonable." *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). In imposing Miller's sentence, the court was required to consider the applicable Guidelines Policy Statements and the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Wallace*, 458 F.3d 606, 610-11 (7th Cir. 2006); *Carter*, 408 F.3d at 854; *United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004). The court did all of this at Miller's revocation hearing. It noted the range recommended by the policy statements. It then explained that the 21-month term was justified by the danger Miller posed to society given his propensity to support his heroin addiction by committing further serious crimes. *See* 18 U.S.C. § 3553(a). Accordingly we agree with counsel that it would be frivolous to argue that Miller's sentence is plainly unreasonable.

Counsel also asks whether Miller could argue that the district court erred in ordering Miller to serve his revocation sentence consecutively to his state sentence for bank robbery. However, the policy statements recommend that imprisonment based on the revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f); *see also United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001). Thus counsel correctly concludes that it would be frivolous to argue that ordering the terms to be served consecutively was plainly unreasonable.

Counsel finally considers whether Miller could challenge the restitution order because at the revocation hearing the district court ordered him to pay $4,356, while the judgment reflects the correct amount of $3,556. There is no suggestion

No. 06-2684                                                                Page 3

that the government is seeking the higher amount, so counsel properly concludes that there is no reason for Miller to challenge the restitution order on appeal.

　　　　Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.